UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOEL BERCK YOUNG, an individual; RYAN WAYNE RATHBUN, an individual; JASON WAYNE THOMPSON and TAWSHA KATHLEEN DYSTRA THOMPSON, husband and wife,<br><br>Defendants. | No. 2:22-cv-00896-BJR<br><br>ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT AND STRIKING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT |

## I. **INTRODUCTION**

This lawsuit arises from a dispute as to homeowners insurance coverage between Plaintiff Safeco Insurance Company of America ("Safeco") and Defendants Joel Berck Young, Ryan Wayne Rathbun, Jason Wayne Thompson and Tawsha Kathleen Dystra Thompson ("Defendants"). Plaintiff Safeco seeks a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that it has no duty to defend or indemnify Defendant Young in an underlying lawsuit brought against him by Defendants Rathbun, Mr. Thompson, and Mrs. Thompson. Presently before the Court are Plaintiff's amended motion for summary judgment on its sole claim for declaratory relief (Dkt. 16 ("Mot.")), and Plaintiff's motion for an entry of default against Defendant Young (Dkt. 20). Having reviewed the motions, the record of the case, and the relevant

ORDER - 1

legal authorities, the Court GRANTS Plaintiff's amended motion for summary judgment, and strikes Plaintiff's motion for an entry of default as moot. The reasoning for the Court's decision follows.

## II. BACKGROUND

### A. Factual Background

#### 1. The Underlying Lawsuit

On March 4, 2022, Rathbun, Mr. Thompson, and Mrs. Thompson (the "Underlying Lawsuit Plaintiffs") filed a First Amended Complaint against Young in Whatcom County Superior County (the "Underlying Lawsuit"). Their complaint arises from an incident, on February 10, 2022, in which Young allegedly shot and wounded Rathbun and Mr. Thompson (the "Deputies"), who at the time were Whatcom County Deputy Sheriffs. *See* Amended Complaint ("AC," Dkt. 15), Ex. A ("Deputies' FAC" or "Deps' FAC"). The Deputies' FAC alleges, in short, that after responding to a neighborhood dispute during which Young reportedly discharged a firearm, the Deputies – after being told by Young, "I don't care if you are cops, I am going to blow your head off" – were both shot by Young in the face with a shotgun. *Id.* That complaint further alleges that Young "intended to kill" the Deputies, and that the Whatcom County Superior Court, in Young's criminal case, found that there was probable cause to believe that Young committed the crime of Attempted First Degree Murder of Rathbun and Mr. Thompson. *Id.* ¶¶ 3.24, 3.26. The Deputies' FAC asserts the following causes of action against Young: (1) "Assault & Battery"; (2) "Outrage, Intentional/Reckless Infliction of Emotional Distress"; and (3) "Prejudgment Writ of Attachment." *Id.* ¶¶ 4.1-6.6.[1]

---

[1] Mrs. Thompson is married to Mr. Thompson, and while she was not involved in the February 10 incident, she asserts these claims based on her alleged emotional harm and loss of society and consortium with Mr. Thompson. Deps' FAC ¶¶ 4.11, 5.8.

ORDER - 2

Young was charged with numerous felonies and misdemeanors in connection with the February 10 incident, and a trial on those charges is scheduled for December 5, 2022. Declaration of Michael Guadagno ("Guadagno Decl.," Dkt. 17), Ex. 1.

### 2. Young's Insurance Policy

Safeco issued a homeowners insurance policy (the "Policy") to Young with a policy period from February 28, 2021, to February 28, 2022. AC, Ex. C ("Policy"). The Policy provides:

> If a claim is made or a suit is brought against any insured for damages because of ***bodily injury*** … caused by an ***occurrence*** …, we will:
>
> 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice …

*Id.* at 14 (emphasis in original). The Policy defines "occurrence" to mean "an accident, including exposure to conditions which results in [] bodily injury …." *Id*. at 25.

The Policy contains several exclusions from coverage for "bodily injury." Specifically, the Policy excludes, among other things, bodily injury (1) "which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured"; and (2) "which results from violation of criminal law committed by, or with the knowledge or consent of any insured." Policy at 15.

### B. Procedural History

On March 29, 2022, Safeco agreed to provide a defense to Young in the Underlying Lawsuit, subject to a reservation of rights. AC, Ex. D. On June 24, 2022, Safeco filed this lawsuit, seeking a declaration that it has no duty to defend or indemnify Young in the Underlying Lawsuit. Dkt. 1. Immediately thereafter, on June 27, 2022, Safeco filed a motion for summary judgment. Dkt. 2. After being served with Safeco's Complaint and motion, the Underlying Lawsuit Plaintiffs, on July 14, 2022, filed a Second Amended Complaint against Young in the Underlying Lawsuit.

ORDER - 3

AC, Ex. B ("Deputies' SAC" or "Deps' SAC"). In that complaint, they allege the same facts as in the Deputies' FAC, but assert an additional cause of action for "Negligence, Gross Negligence, & Reckless Conduct with a Firearm." *Id.* at ¶¶ 7.1-7.3.[2]

On August 5, 2022, Plaintiff filed its Amended Complaint and an amended motion for summary judgment on its sole claim, for declaratory relief. Defendants do not oppose that motion. Plaintiff filed a reply only to point out Defendants' lack of opposition. Dkt. 17. On September 22, 2022, Plaintiff filed a motion for an entry of default against Defendant Young based on his failure to answer or otherwise respond to either of Plaintiff's complaints. Dkt. 20.

### III.     SUMMARY JUDGMENT STANDARD OF REVIEW

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

### IV.     DISCUSSION

The Court will review Plaintiff's motion for summary judgment on its claim for declaratory relief, which seeks a declaration that Safeco has no duty to defend or indemnify Young in the Underlying Lawsuit. Defendants, as noted above, do not oppose the motion. However, "[w]hen

---

[2] Under that additional cause of action, the Deputies' SAC alleges that "Defendant's intoxication, as a factual matter, presents issues which may vitiate the intentional conduct of defendant." Deps' SAC ¶ 7.2.

ORDER - 4

the non-moving party fails to oppose a summary judgment motion, the court must still apply the [] standards consistent with Fed. R. Civ. P. 56." *White v. United States*, No. 05-cv-1785, 2007 WL 2193743, at *1 (W.D. Wash. July 27, 2007); *see Baxter v. Nat'l Safety Council*, 275 F. App'x 632, 633 (9th Cir. 2008) ("summary judgement cannot be granted solely because [plaintiffs] failed to oppose it"). Therefore, the Court will review Plaintiff's motion in accordance with the normal standard for reviewing a summary judgment motion set forth above.

### A.   Whether Safeco Has a Duty to Defend Young

"The duty to defend arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Expedia, Inc. v. Steadfast Ins. Co.*, 180 Wash. 2d 793, 802-03 (Wn. Sup. Ct. 2014) (quoting *American Best Food, Inc. v. Alea London, Ltd.*, 168 Wash. 2d 398, 404, (Wn. Sup. Ct. 2010)). "A court will construe an ambiguous complaint liberally in favor of triggering the duty to defend." *Id.* at 803. "Only if the alleged claim is clearly not covered by the policy is the insurer relieved of its duty to defend." *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wash. 2d 751, 760 (Wn. Sup. Ct. 2002).

The Court finds that the claims asserted in the Underlying Lawsuit, if proven, would clearly not impose liability upon Young within the Policy's coverage. As discussed above, the Policy provides coverage – and requires Safeco to tender a defense – only if a claim is brought against Young "because of bodily injury … caused by an occurrence," which is defined by the Policy to mean "an accident." Policy at 14, 25. While the Policy does not define the term, "accident," Washington courts have provided two definitions of that term in the context of insurance contracts: "(1) 'an unusual, unexpected, and unforeseen happening,' and (2) a loss that happens 'without design, intent, or obvious motivation.'" *United Servs. Auto. Ass'n v. Speed*, 179 Wash. App. 184,

ORDER - 5

197 (Wn. Ct. App. 2014) (quoting *Grange Ins. Co. v. Brosseau*, 113 Wash. 2d 91, 95 (Wn. Sup. Ct. 1989), *Roller v. Stonewall Ins. Co.*, 115 Wash.2d 679, 685 (Wn. Sup. Ct. 1990)).

Consistent with these definitions, "the law will not countenance one intentionally shooting someone and then saying that since he or she did not intend to hurt the person shot, what happened was an 'accident' covered by liability insurance." *Detweiler v. J.C. Penney Cas. Ins. Co.*, 110 Wash. 2d 99, 105-06 (Wn. Sup. Ct. 1988). Indeed, the Washington Supreme Court has held several times that the intentional discharge of a firearm does not constitute an "occurrence" or "accident" for purposes of homeowners insurance coverage. In *Safeco Ins. Co. of Am. v. Butler*, 118 Wash. 2d 383 (Wn. Sup. Ct. 1992), the court found that an insured's intentional firing of a pistol towards a truck in self-defense, causing a ricochet that hit the truck's occupant, did not constitute an "accident" under the insurance policy. *Id.* at 401. Similarly, in *Grange*, the court found that a death caused by the insured's "deliberate" firing of a shotgun, even though in self-defense, did not result from an "accident" as covered by the policy. *Grange*, 113 Wash. 2d at 99-101.

In accordance with this case law, and as is otherwise obvious, the Underlying Lawsuit does not claim that the bodily injuries suffered by the Deputies were caused by an "accident."[3] As in *Detweiler* and *Butler*, Young is alleged to have deliberately discharged a firearm at the Deputies. No reasonable juror could conclude that their injuries resulted from "an unusual, unexpected, and unforeseen happening," or an act "without design, intent, or obvious motivation." *See United Servs. Auto.*, 179 Wash. App. at 197. Indeed, Young is alleged to have "intended to kill" the Deputies, and shot them both in the face after telling them, "I am going to blow your head off."

---

[3] While Mrs. Thompson also seeks damages in the Underlying Lawsuit, her claimed damages do not implicate the Policy because, among other reasons, they do not arise from bodily injury or property damage.

ORDER - 6

Deps' SAC ¶¶ 3.17, 3.24. As such, the injuries, as alleged in the Underlying Lawsuit, did not result from an "accident," and therefore were not caused by an "occurrence" under the Policy.[4]

Even if the Deputies' injuries were alleged to have been caused by an "occurrence," coverage would still be excluded by the Policy's "intentional acts" and "criminal acts" exclusions. As noted above, the Policy excludes coverages for bodily injuries (1) "which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured"; and (2) "which results from violation of criminal law committed by, or with the knowledge or consent of any insured." Policy at 15. Both exclusions apply here. First, the Underlying Lawsuit unambiguously alleges that the Deputies' injuries were a foreseeable result of Young's intentional act: shooting at them with a shotgun. *See Thompson ex rel. Thompson v. Farmers Ins. Co. of Washington*, 124 Wash. App. 1013 (Wn. Ct. App. 2004) ("no reasonable person could conclude the deaths … were not reasonably foreseeable" where insured discharged firearm knowing "there were a number of people in the immediate vicinity"). Second, Young's alleged acts unambiguously constitute serious criminal violations. *See Allstate Ins. Co. v. Peasley*, 131 Wash. 2d 420, 423 (Wn. Sup. Ct. 1997) (criminal acts exclusion applied where insured accidentally shot individual and subsequently pled guilty to reckless endangerment).[5] Thus, coverage is clearly excluded under the Policy's "intentional acts" and "criminal acts" exclusions.

---

[4] The addition to the Deputies' SAC of a claim for "negligence, gross negligence, and reckless conduct with a firearm," and an allegation that Young had been intoxicated (*see* Deps' SAC ¶¶ 7.1-7.3), does not change this result. Regardless of whether the Underlying Lawsuit Plaintiffs added this claim solely "to plead into coverage" – as Safeco contends (*see* Mot. at 14-16) – all of their claims are unambiguously premised on allegations that Young intentionally fired his shotgun at the Deputies. *See Metropolitan Prop. Cas. Ins. Co. v. Nieto*, No. 13-cv-5805, 2014 WL 2987604, at *3 (W.D. Wash. July 2, 2014) ("[the underlying] complaint strategically couches the [insureds'] actions in 'negligence' terms, but that word choice cannot conceal the intentionality of their acts"), *aff'd*, 679 F. App'x 623 (9th Cir. 2017).

[5] While Young has not yet been convicted of any crimes charged in connection with the February 10 incident (*see* Guadagno Decl., Ex. 1), the Washington Supreme Court has held that a conviction is not required for a criminal act exclusion to apply. *See Allstate Ins. Co. v. Raynor*, 143 Wash. 2d 469, 476 n.4 (Wn. Sup. Ct. 2001).

ORDER - 7

The Court therefore finds that the claims asserted against Young in the Underlying Lawsuit are "clearly not covered" by the Policy. *See Truck Ins. Exch.*, 147 Wash. 2d at 760. Accordingly, Safeco is relieved of any duty to defend Young.

### B.     Whether Safeco Has a Duty to Indemnify Young

Safeco also seeks a declaration that it has no duty to indemnify Young for any liability arising from the Underlying Lawsuit. At this point, the Underlying Lawsuit is still pending and Young has not actually incurred any liability. Nonetheless, "[a]n insurer's declaratory relief action to determine a duty to defend and indemnify their insured in a pending state court case creates an actual case or controversy within the meaning of Article III, even when the underlying liability action has not yet proceeded to judgment." *Allstate Prop. & Cas. Ins. Co. v. Plautz*, No. 2:22-cv-00068, 2022 WL 1591556, at *2 (W.D. Wash. May 19, 2022) (citing *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994)). As Defendants raise no concern with this Court now reviewing Safeco's indemnification duty, the Court will proceed to do so. *See Continental W. Ins. Co. v. Costco Wholesale Corp.*, No. 10-cv-1987, 2011 WL 2474219, at *5 (W.D. Wash. June 21, 2011) (granting summary judgment on claim seeking declaration on duty to indemnify, even though insured "ha[d] yet to incur a liability" given still-pending underlying lawsuit, where neither party "ask[ed] the court to withhold judgment").

Whereas "the duty to defend is triggered if the insurance policy *conceivably* covers the allegations in the complaint, [] the duty to indemnify exists only if the policy *actually* covers the insured's liability." *Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 53 (Wn. Sup. Ct. 2007) (emphasis in original). For the same reasons supporting this Court's finding that Safeco has no duty to defend Young in the Underlying Lawsuit, any liability Young may incur in connection

ORDER - 8

with that lawsuit would unambiguously fall outside the scope of the Policy's coverage. *See supra* at 5-7. As such, Safeco has no duty to indemnify Young in the Underlying Lawsuit.

The Court will therefore grant summary judgment to Plaintiff on its claim for declaratory relief. Given this decision, the Court will strike Plaintiff's motion for an entry of default judgment as moot.

## V.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff Safeco's amended motion for summary judgment (Dkt. 16). Plaintiff Safeco has no duty to defend or indemnify Defendant Young in connection with the Underlying Lawsuit. The Court strikes Plaintiff Safeco's motion for an entry of default as moot (Dkt. 20). This case is DISMISSED.

SO ORDERED.

Dated:  October 3, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 9